**Jimmy Lee HORTON, Petitioner,**

**v.**

**Walter ZANT, Warden, Georgia
Diagnostic and Classification
Center, Respondent.**

**Civ. A. No. 88–46–1–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

June 14, 1988.

Andrew L. Lipps, Washington, D.C., Stephen Bright, Atlanta, Ga., for petitioner.

Paula K. Smith, Atlanta Ga., for respondent.

### ORDER

OWENS, Chief Judge.

Petitioner Jimmy Lee Horton, having been tried, convicted and sentenced to die in Bibb Superior Court in February, 1981, for the murder of Don Thompson, and having exhausted[1] the remedies available in the courts of this state, petitioned this court on February 24, 1988, for a writ of habeas corpus contending that he was convicted of murder and two burglary charges and sentenced to die "in violation of the Constitution ... of the United States." 28 U.S.C. § 2254(a). The respondent having answered and filed a copy of all prior proceedings, this court's first responsibility under Rule 8(a) of § 2254 Rules is to determine whether or not an evidentiary hearing is required in this United States district court.

Petitioner, throughout his trial and appeals to the Georgia and United States Supreme Courts, was represented by appointed counsel herein referred to as trial counsel. In his state habeas and all subsequent proceedings petitioner has been represented by new *pro bono* counsel herein referred to as habeas counsel.

Habeas counsel in Section M of the petition and brief contends that the prosecuting attorney engaged in a systematic practice of using peremptory challenges to strike blacks from petitioner's jury (without objection from petitioner's counsel all nine blacks on the jury panel were struck, H.C.R. 72–76) and from other jury panels in violation of *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); and *Allen v. Hardy,* 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986). Petitioner asked the state habeas court for funds to pay an investigator to develop facts to prove his *Swain* claim; this request was denied, so petitioner produced no evidence on this is-

---

1. Conviction and sentence affirmed by Supreme Court of Georgia on September 8, 1982, 249 Ga. 871, 295 S.E.2d 281; certiorari denied by United States Supreme Court on January 24, 1983, 459 U.S. 1188; rehearing denied on March 21, 1983, 460 U.S. 1048, 103 S.Ct. 1451, 75 L.Ed.2d 805; habeas petition denied by Bibb Superior Court on November 7, 1986; certificate of probable cause denied by Supreme Court of Georgia on April 14, 1987; certiorari denied by United States Supreme Court on October 13, 1987, —— U.S. ——, 108 S.Ct. 248, 98 L.Ed.2d 206.

sue in his state habeas hearing, even though the prosecuting attorney was present and could have been called for cross-examination on this issue. (H.C.R. 184–186). Recognizing that to prevail on this ground petitioner bears the heavy burden of proving a broad pattern of exclusion extending over a long period of time, *see Willis v. Zant,* 720 F.2d 1212, 1220 (11th Cir.1983), and further recognizing that the prosecutor's practice in petitioner's and his co-defendant Pless Brown's cases do not alone make out a *prima facie* case under *Swain, see Jones v. Davis,* 835 F.2d 835 (11th Cir.1988), petitioner requests this court to order the payment of funds for an investigator to collect factual information in support of this issue and to then hold an evidentiary hearing.

Respondent contends both that the state habeas court was not constitutionally required to pay an investigator to assist habeas counsel and that petitioner was afforded a full and fair hearing in the state habeas court on this and all other issues. Respondent further contends that "petitioner has not shown [in this United States district court that] (a) material facts were not adequately developed in the state courts and (b) that any failure to develop any material fact was not due to his inexcusable neglect or deliberate bypass, especially where the prosecutor was present and petitioner could have examined the prosecutor regarding his use of peremptory strikes but petitioner failed to do so." *Thomas v. Zant,* 697 F.2d 977 (11th Cir. 1983). Respondent contends that habeas counsel deliberately bypassed the opportunity to cross-examine the prosecutor and cannot now assert that counsel has been unable to factually develop this claim. An evidentiary hearing, respondent suggests, is therefore not required in this court.

*Thomas v. Zant,* 697 F.2d at 986, requires at the least an evidentiary hearing to permit petitioner to show that the failure to develop material facts in support of his *Swain* claim "was not attributable to petitioner's inexcusable neglect or deliberate bypass." For such a hearing to be meaningful this court must receive evidence of the material facts that were not, but could

have been, developed and presented and of how petitioner's *pro bono* counsel during the state habeas proceeding could have done so. It is, therefore, this court's considered judgment that, pursuant to Rule 6 of the section 2254 Rules, discovery should first be engaged in to permit petitioner's counsel to ascertain the facts, and having done so, to suggest to the court whether or not counsel is prepared to prove a *Swain* claim. If not, no evidentiary hearing will then be held. If so, the court will hold an evidentiary hearing to allow petitioner to attempt to prove his *Swain* claim in light of *Thomas v. Zant* and to allow respondent to assert his contentions.

As discussed by conference telephone call, counsel are invited to cooperatively arrive at the least expensive, most convenient, and most expeditious discovery procedures that will give petitioner a fair opportunity to develop his *Swain* claim and to then seek leave of court to engage in such specific procedures pursuant to Rule 6 of the § 2254 Rules.